S. W. FARMER, Appellant, v. H. N. UNDERWOOD, Appellee.

Counterclaim: EVIDENCE. In this action defendant pleaded as a counterclaim a bill for services rendered by a law firm, which had been assigned to him. There was no denial that plaintiff was indebted on account thereof, or that the services were performed, or claim that there was any agreement by which the services were not to be paid out of funds which might be collected for plaintiff. *Held,* that there was no error in sustaining the counterclaim.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

FRIDAY, MARCH 11, 1910.

THE opinion states the material facts. Judgment *affirmed.*

*Clark & Hutchinson,* for appellant.

*Spurrier & Parsons* and *John McLennan,* for appellee.

WEAVER, J.—Plaintiff and defendant purchased upon contract for deed a farm then owned by one Mrs. Forbes. The terms of the purchase and the several interests of plaintiff therein are not material here, for it appears that at a later date they had some sort of an agreement concerning their joint venture, which resulted in the execu-

tion of a writing by defendant to plaintiff as follows: "January 28, 1907. Upon surrender of the following land, now occupied by S. W. Farmer, on or before March 1, 1907, I agree to account to said Farmer for one-half net profits made by me on purchase by contract from Mrs. Forbes, and surrender of same to Kimberly upon the entire farm purchased. Farmer to account to me for $200 due me on account, and to pay me eight percent interest on $400 from time I had same until I sold to John Kimberly. Before division of profits, Farmer to have $1,100, without interest, advanced to me, and I to have $1,900 and all taxes, interest, and discounts, and actual expenses incurred. [Signed] H. N. Underwood, by W. A. Spurrier." It is agreed that thereafter defendant sold the land at an advance of $2,475 above the price at which they had contracted to purchase it. It is the claim of the plaintiff that, after taking proper account of their several advances, there is due to him from the defendant, as his share of the proceeds of said transaction, the sum of $1,752.74, for which amount he asks judgment. The defendant alleges that after the making of the writing above quoted he was directed by the plaintiff to make his accounting for plaintiff's share of the profits (which he says did not exceed $1,500) to W. A. Spurrier, and to pay over to said Spurrier the balance found due to plaintiff thereon, and this the defendant says he did do before the commencement of this action. He also pleads by way of counterclaim an account for services rendered to plaintiff by the law firm of Spurrier & Mills, which account he says has been assigned to him and is unpaid. The trial court allowed defendant's counterclaim in the sum of $425, and after giving credit therefor rendered judgment in plaintiff's favor for $1,233.50. Plaintiff appeals, claiming that the court erred in finding against him on the counterclaim.

We find no error in the record. It is not denied that plaintiff was indebted to Spurrier, or to Spurrier & Mills. It is not denied that Spurrier assisted the parties in making the adjustment, pursuant to which the writing sued upon was executed, and it is shown without substantial controversy that at this time there was some agreement or understanding by which the Spurrier claim was to be paid in whole or in part out of the moneys which might finally be collected for plaintiff. Indeed, we think the trial .court could well have found from the evidence that plaintiff . directed defendant, against whom he evidently felt no little hostility, to close the deal with Spurrier in the final accounting. Defendant did in fact turn over -to Spurrier what he claimed to be the balance due plaintiff. It is probably true that, when this litigation was threatened, defendant and Spurrier had some doubt whether they could establish to the satisfaction of the court Spurrier's authority to bind the plaintiff, and therefore, to make sure of the payment of Spurrier's claim out of this money, the claim was assigned to defendant.

The net result of the judgment below is that plaintiff collects from defendant all the latter owes him, and at the same time pays an undisputed debt of his own. The court did find against the defendant on his plea of payment to Spurrier, but upheld the assignment of the account. The result is an equitable one, and appears to have sufficient support in the evidence.

It is therefore *affirmed*.